UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORA CANDELARIA,

       PLAINTIFF,

V.

MOLINA HEALTHCARE, INC. AND MOLINA INC.,

       DEFENDANTS.

Civil Action No. 2:18-CV-00725

## MOTION TO INTERVENE, SUBSTITUTE, OR IN THE ALTERNATIVE, NOTIFY PUTATIVE CLASS MEMBERS

Natalia Crouchman files this Motion to Intervene, Substitute, or in the alternative, Notify Putative Class Members and states:

### I.    INTRODUCTION

The Court should permit Natalia Crouchman to intervene and be substituted as the Named Plaintiff and putative class representative in this case and permit her to pursue the case as a class action.[1] Although this Motion comes late in the overall litigation, the Court can permit such an intervention and can do so without adding very much additional time to the schedule. The case was filed on July 27, 2018. Class actions typically take longer to litigate than individual cases, and this case is only a year and three months old, so permitting the substitution and adding additional time for discovery and class certification would not make the length of this case outside the norm for a class action. Moreover, permitting the intervention and substitution is the most

---

[1] Plaintiff Crouchman is not, at this time, seeking to intervene simply to pursue to pursue her individual claim for unpaid overtime. If the Court does not intend to permit Crouchman to pursue class certification, she reserves the right to withdraw this Motion in order to pursue her rights in an alternative manner. However, her decision will be based on how this Court wants to proceed in this case.

**MOTION FOR INTERVENTION, SUBSTITUTION, AND/OR NOTICE**       Page - 1

protective route for the putative class members.

This case presents claims for unpaid overtime compensation pursuant to the New Mexico Minimum Wage Act, NMSA 1978 §50-4-19 (2015) ("NMMWA"). Named Plaintiff Caldelaria worked as a Case Manager for Defendants. She had been litigating this case as a representative action pursuant to the NMMWA, specifically NMSA 1978 § 50-4-26(D), and pursuant to Fed. R. Civ. P. 23. As the Court is aware, this case has not proceeded as expected. Due to a calendaring error, Plaintiff was unaware of the deadline to file a motion for class certification and did not file one by the deadline to do so. Prior to the missed deadline, Plaintiff was actively pursuing discovery which included discovery concerning the classwide nature of the allegations brought by Plaintiff. Before finalizing the conference, which was a prerequisite to filing a motion to compel, Defendants offered a stipulation which streamlined the discovery process considerably. The Stipulation was filed by the Parties. Subsequent to the stipulation, Plaintiff Candelaria did not oppose dismissal of her individual claim in the case. Plaintiff Candelaria no longer wishes to be the class representative in this case against her current employer and seeks to be removed and replaced by Crouchman.

When Plaintiff learned of the missed class certification deadline, Plaintiff sought leave to extend the deadline for class certification. The Court denied that motion. Although there were open discovery issues, including class discovery issues and a properly noticed corporate representative deposition, Defendants refused to continue discovery-related discussions essentially contending the case was over. The case came to a halt when Defendants filed their Motions to Dismiss. Should the Court grant the present Motion and permit Crouchman to become the Named Plaintiff and putative class representative, it is unclear whether the Court intends to permit her to finish the discovery process and file a motion for class certification.

## II.   FACTUAL BACKGROUND

In 2014, the USDOL investigated whether Molina's classification of Case Managers as exempt was proper under the FLSA. (Exh. A, Braziel Dec., ¶2). As a result of the investigation, in 2016, Molina agreed to voluntarily repay the back wages due and secured a release of claims for overtime arising under the **federal** Fair Labor Standards Act. *Id.* Not every Case Manager eligible to participate in the DOL settlement in New Mexico signed a waiver or received payment. *Id.* Some of these individuals contacted Plaintiff's Counsel and were eventually included in one of two cases filed by Plaintiff's counsel against Molina in 2016 for overtime violations under the FLSA. *Id. Gongora-Ownby v. Molina Healthcare, Inc. et al.,* Case No. 3:2016-cv-00379, was filed in the Western District of Texas and *Brewer v. Molina Healthcare, Inc.*, Case No. 1:16-cv-09523 was filed in the Northern District of Illinois. *Id.* These two cases were effectively consolidated before U.S. District Judge Dow in the Northern District of Illinois. *Id.*

Although overtime claims arising under New Mexico law were pled in *Brewer* as separate causes of action and pled as Rule 23 class claims, the settlement of that case excluded these New Mexico claims. *Id.* at ¶3. Additionally, the plaintiffs who worked in New Mexico and who had opted into these consolidated actions were withdrawn from the Illinois litigation and given 30 days to refile before the statute of limitations began to run again. *Id.* The present class action was filed by one of those withdrawn individuals. *Id.* Because this case was filed as a class action, other individuals represented by Plaintiff's Counsel did not file separate individual actions. *Id.* The present case was filed on July 27, 2018. *Id.*

Prior to filing the present action, Plaintiff Candelaria was informed by Plaintiff's counsel about the class nature of the case and her responsibilities as the lead plaintiff. *Id.* at ¶ 4. She was also informed the case could take two years or more to be resolved. *Id.* She agreed to move

forward as the lead plaintiff.

On October 17, 2018 the Court entered its Initial Scheduling Order, which set deadlines for parties to meet-and confer and submit a joint status report—no. Dkt. 10. On November 28, 2018 parties submitted their joint status report to the Court. Dkt. 18. Parties agreed in the joint status report that parties had until January 31, 2019, to amend pleadings and join additional parties and that discovery would be completed by August 1, 2019. Dkt. 18. Furthermore, Plaintiff agreed to produce Candelaria for deposition testimony, and Defendant agreed to produce a corporate representative. Dkt. 18 at pg. 2.

On December 18, 2018, the Court held a scheduling conference and subsequently issued a scheduling order. Dkt. 21 & Dkt. 22. The Order set the discovery deadline for August 1 and a pleadings amendment deadline of January 31, 2019. Dkt. 22. On January 21, 2019 Defendant served Candelaria with its first set of written discovery, to which she responded on February 21, 2019. Exh. A, ¶ 5. To obtain discovery responses Plaintiff's counsel communicated with Candelaria and used information previously provided by her. *Id.* In late May 2019, Candelaria began to express some concerns about being a current Molina employee while suing the company. Even into July 2019, Plaintiff Candelaria was responsive and willing to provide information. It wasn't until mid- to late-July that she ultimately decided to forego her claims.

As August 6, 2019, when filing the Response to Defendants' Motion to Dismiss, Plaintiff's counsel intended to file a Motion to Substitute as Lead Plaintiff and planned to do so by Friday August 9, 2019. The Motion was not filed on that Friday and Plaintiff had planned to file the Motion early during the week of August 12, 2019. However, on Monday, August 12, 2019, Judge Wormuth set a hearing on the Motion to Extend the Deadline to File a Motion for Class Certification. Those events resulted in additional delay in the intended filing because the ruling

might have an impact on how Crouchman intended to proceed. Now that the issue of dismissal of Candelaria's status as the putative class representative is squarely before the court as directed by the Court, this Motion should be addressed by the Court simultaneously.

### III.     ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 24(a) permits intervention as a matter of right and provides that "[o]n timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(a), an applicant for intervention may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) the lawsuit may as a practical matter impair or impede the applicant's interest; and (4) existing parties do not adequately represent the applicant's interest. *See Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior*, 100 F. 3d 837, 840 (10th Cir. 1996). The Tenth Circuit has "tended to follow a somewhat liberal line in allowing intervention." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F. 3d 1111, 1115 (10th Cir. 2002)(quoting *Nat'l Farm Lines v. ICC*, 381, 384 (10th Cir. 1977)); s*ee Elliot Industries Ltd. Partnership v. BP American Production Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). "Federal courts should allow intervention 'where no one would be hurt and greater justice could be obtained.'" *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1249, 1250 (10th Cir. 2001)(citation omitted).

Fed. R. Civ. P. 24(b) provides for permissive intervention when an intervening plaintiff "has a claim . . . that shares with the main action a common question of law or fact." The following

conditions must obtain: (1) the application to intervene is timely; (2) the applicant's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Forest Guardians v. U.S. Dep't of Interior*, No. CIV-02-1003 JB/WDS, 2004 WL 3426413 at *10 (D.N.M. January 12, 2004)(Browning, J).

### A.  The Motion is Timely.

Both Fed. R. Civ. P. 24(a) & 24(b) require that an intervention application is timely, though the rule does not specify what constitutes timeliness.  The Tenth Circuit has held that "[t]he timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Assoc. of Counties v. Clinton*, 255 F.3d at 1250 (internal quotation marks omitted). The "analysis is contextual" and "absolute measure of timeliness" should not be used. *Id.* "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing original parties by the failure to apply sooner." *Id.* An application is not untimely simply because of the "mere passage of time…rather, the important question concerns actual proceedings of substance on the merits." 6 Moore's Federal Practice, § 24.12[1], at 83-84 (3d ed. 2008).

Intervention is properly denied when, for example, a case is near its end stage and allowing a party to intervene would cause undue prejudice and delay in the proceeding. *See e.g. United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996)(motion denied where lawsuit in final stages); *Associated Builders v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (motion denied where intervention occurred almost a year after the initial suit was filed and two weeks after

judgment had been entered). By comparison, intervention is proper where, despite the passage of time, there has been limited activity in the case and the intervention will not prejudice the existing parties. *See Utah Assoc. of Counties v. Clinton*, 255 F.3d at 1250-51 (stating the motion to intervene was timely where filed approximately two and one-half years after the case began, "in view of the relatively early stage of the litigation and the lack of prejudice to the plaintiffs flowing from the length of time between the initiation of the proceedings and the motion to intervene."). Prejudice resulting from the intervention itself, as opposed to the intervenor's tardiness, cannot be considered in determining the timeliness of a motion. *Id. at 1250.*

Approximately fifteen months have elapsed since this lawsuit was filed, but only two months have elapsed since Candelaria informed the Court of her desire to step down as the Named Plaintiff. Within those two months, the issue of extending the class certification deadline and Defendants' Motion to Dismiss were briefed and ruled on by the Court. Although Crouchman was aware she had a claim when this case was filed by Candelaria, she refrained from filing a separate claim because her rights were covered by Candelaria's class claims. The instant Motion comes merely a month and 18 days after Candelaria's individual claims were dismissed. With Candelaria asking to step down as class representative, Crouchman's claims would no longer be protected if the entire case was dismissed, so her intervention is timely.

### B. The remaining elements of Fed. R. Civ. P. 24(a) are present.

The interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with the efficiency and due process." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F. 3d at 1115 (citations omitted). *See Utah Assoc. of Counties v. Clinton*, 255 F.3d at 1251-52. Here, the Crouchman has the same unpaid overtime claim as those claims already asserted in the case and thus shares the same, particularized

interests. *See Chiles v. Thornbough*, 865 F.2d 1197, 1212 (11th Cir. 1989) (intervenor must specify a "particularized interest rather than a generalized grievance."). Crouchman's claims differ only with regard to how many overtime hours she worked for which he/she was not paid overtime compensation and how much overtime compensation each is owed.

"To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *WildEarth Guardians v. United States Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009). As a practical matter, absent intervention the current lawsuit will impair or impede the Courchman's interests because there will be no named Plaintiff to prosecute the lawsuit Crouchman is not allowed to intervene and vindicate her rights under the NMMWA. Additionally, if intervention is not permitted and the present matter is dismissed, Crouchman may lose the benefit of the statute of limitations being tolled for the last 15 months. Without tolling, Crouchman's recovery could be reduced from approximately 132 weeks to approximately 67 weeks.

Relatedly, Candelaria can no longer adequately represent Crouchman's interest because Candelaria does not intend to pursue the class claims any further. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)(intervenor only required to show that representation of interest "may be" inadequate, and the applicant's burden on showing this element should be viewed as "minimal."). Accordingly, Crouchman be permitted to protect her own interests as well as those of the putative class members who they seek to represent.

Because all of the elements of Fed. R. Civ. P. 24(a) are present, no one will be harmed and greater justice will be obtained, intervention of right is warranted.

### C. The Remaining Elements of Fed. R. Civ. P. 24(b) Are Satisfied.

Although Crouchman believes the Court should decide this motion using the standards provided by Fed. R. Civ. P. 24(a), should the Court determine that permissive joinder under Fed. R. Civ. P. 24(b) is the more appropriate analysis the standards applicable to permissive joinder are also met. As articulated above, Crouchman shares not only common questions of fact, but essentially identical questions of law on her NMMWA claims. This satisfies the second element of permissive intervention under Fed. R. Civ. P. 24(b).

Permissive joinder under Rule 24(b) invokes the discretion of the Court. *See Garza v. City of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990) (permissive intervention "subject to considerations of equity and judicial economy"). A key concern in deciding whether to grant permissive intervention is whether intervention will cause undue delay or prejudice. *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005).

Granting leave for Crouchman to join the case here will not result in undue delay or prejudice and the requested intervention does not adversely affect the rights of Defendants in any respect. Representative/class claims have been asserted from the first day of the case. Plaintiff sought discovery on class issues and were attempting to resolve those issues when the case halted because of Candelaria's unwillingness to proceed. But for a calendaring error, a Motion for Class Certification would have been filed and ruled upon. The requested intervention serves only to add a new class representative, who is already a member of the putative class. The claims to be litigated and the company's policies upon which Plaintiff is suing will not change in any respect. The only thing that will change is the identities of the class representatives.

D.  Alternatively, the Court Should Issue Notice to the Class and Inform them of their Right to Intervene.

Although Rule 23(e) authorizes notices when classes are certified, some Courts permit notice to protect the rights of absent class members.  The court in Simer v Rios (1981, CA7 Ill) 661 F2d 655, 32 FR Serv 2d 781, 68 ALR Fed 235, cert den 456 US 917, 72 L Ed 2d 177, 102 S Ct 1773, ordered Rule 23(e) notice to be given to class members of the proposed dismissal of the uncertified class action. Noting that the settlement called for damages to be distributed through payments to programs benefiting class members, rather than to individual members of the class, the court found that this may have been contrary to the interests of absent class members who might prefer to receive the monetary payment directly. Identifying and notifying the individuals pursuant to Rule 23(e), the court pointed out, would give them the opportunity to choose, and the failure to give them the choice prejudiced their rights. Noting that notice and an opportunity to be heard are the touchstones of procedural due process, the court concluded that approval of the settlement without notice violated the due process rights of absent putative class members as well as the requirements of Rule 23(e).  Although no settlement is in play here, if mass intervention is the only option the Court will permit, then the absent class members should be informed of those rights.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202

(214) 749-1400 phone
(214) 749-1010 fax

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
**SIEGEL LAW GROUP, PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 706-0834 phone
(469) 339-0204 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record was served with this document through the Court's ECF system on the date this document was filed.

/s/ J. Derek Braziel

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred with Defense Counsel in an effort to resolve the issue presented in this Motion and were advised that Defendant is opposed to the relief sought herein.

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**