IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORA CANDELARIA,

      Plaintiff,

     v.                                                                   No. 2:18-cv-725-WJ-GBW

MOLINA HEALTHCARE, INC. and
MOLINA HEALTHCARE OF NEW
MEXICO, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS ANY REMAINING CLAIMS AND FOR SANCTIONS

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss any Remaining Claims and for Sanctions [Doc. 45], filed October 11, 2019. Plaintiff brought this case as a class action alleging a claim under the New Mexico Minimum Wage Act. Doc. 3. On September 9, 2019, the Court dismissed Plaintiff's individual claims. Doc. 43 at 1 ("Because Plaintiff does not oppose dismissal of her individual claims, the Court grants Defendants' motion in part dismissing Plaintiff's individual claims."). Two weeks later, United States Magistrate Judge Gregory B. Wormuth denied Plaintiff's motion to extend the class certification deadline. Doc. 44 at 28 ("[C]ounsel for Plaintiff have failed to show good cause or excusable neglect to justify the requested extensions."). This case, in its present form, is without a plaintiff or a certified class.

"[A]s a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009) (citation omitted). There is no dispute that this case is without a plaintiff or a certified class. Plaintiff's counsel, however, opposes dismissal arguing that "dismissal would be highly prejudicial to the interests of

absent class members and have little impact on Defendants" and requests that the Court permit "substitution of another class member for the lead Plaintiff." Doc. 46 at 2. Plaintiff's counsel offers no supporting authority for his argument, and the Court finds his substitution request untimely considering he made it approximately 15 months after the case was filed, 9 months after the deadline to join additional parties, 5 months after the deadline to file for class certification, 3 months after the close of discovery, and 2 months after the Court dismissed Plaintiff's individual claims. Doc. 48 at 1. Plaintiff's counsel's lame argument for keeping this case alive reminds the Court of an American idiom popular for decades in the South. In other words, Plaintiff's counsel is "a day late and a dollar short" in terms of his argument for keeping this case alive. Therefore, the Court is dismissing this case on the grounds of mootness.

Defendants argue that the Court should also sanction Plaintiff and her counsel citing their discovery failures. Doc. 45 at 4-6. In all honesty, Defendants' argument for sanctions is very tempting to the Court considering the prior failures by Plaintiff to participate in discovery. However, in the September 9, 2019 Order dismissing Plaintiff's individual claims, the Court put "Plaintiff and her counsel on notice that subsequent failures to participate in discovery will not be tolerated and that sanctions may be imposed in the future." Doc. 43 at 1-2. It is not clear to the Court whether Plaintiff and her counsel failed to participate in discovery after the Court's warning, so at this time, the Court finds dismissal of the case a sufficient remedy.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss any Remaining Claims and for Sanctions [Doc. 45] is **GRANTED IN PART**. The case is dismissed without prejudice. Sanctions on Plaintiff and her counsel, however, are not imposed at this time.

**CHIEF UNITED STATES DISTRICT JUDGE**

2